SHERMAN LLOYD *v.* THE STATE.

EVIDENCE. *Declarations. Res gestæ.*

> On a trial for assault with intent to murder, it is error to admit, as part of the *res gestæ*, the statement of the prosecuting witness as to who shot him, made in the absence of his supposed assailant, the accused, to persons who reached him a few minutes after he was wounded. *Mayes* v. *State*, 64 Miss., 329.

FROM the circuit court of the second district of Hinds county.

HON. J. B. CHRISMAN, Judge.

In view of the opinion, it is necessary to state the case in only one aspect.   Appellant, Sherman Lloyd, and another were jointly indicted for shooting, with intent to kill and murder, one Green Lloyd.   A severance was had, and the defense made by appellant was an alibi.   Green Lloyd, the wounded man, was the only eye-witness of the shooting. He testified that while going, at night, along the public road, he was fired upon by some one from the roadside, whom he recognized as Sherman Lloyd.   After being shot, he ran some distance and fell.   Attracted by his cries, his wife and mother-in-law, who were one or two hundred yards away, came to him where he had fallen in the road, and soon they were followed by others who lived near the scene of the shooting.   It was shown that the accused, among others, afterwards came and assisted in carrying the wounded man home.   The latter testified that he did not then, in the presence of the accused, charge him with the deed, and gave as a reason for his silence that he was advised not to say any thing to him.   Thereupon the court asked him if, when persons first came to him, he had told anybody who shot him, and he answered that he told his mother and mother-in-law that Sherman had shot him.   This examination was excepted to by the defendant, and is assigned for error.

Defendant was convicted, a motion for new trial was over-ruled, and he was sentenced to five years in the penitentiary, and from that judgment appeals.

*H. Peyton* and *R. N. Miller*, for appellant.

*T. M. Miller*, attorney-general, for the state.

The declarations were admissible to explain the silence (otherwise unaccountable) of Green Lloyd, as to who had shot him.

COOPER, J., delivered the opinion of the court.

The court erred in admitting evidence of what the injured person, Green Lloyd, said to his wife and mother-in-law when they first reached him after he had been shot, as to who had shot him. It was not a part of the *res gestæ.* *Mayes* v. *State*, 64 Miss., 329.

*Judgment reversed, and a new trial awarded.*